Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
22 W. Washington Street, Suite 1500
Chicago, IL 60602
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
HUBERT CURRIN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| HUBERT CURRIN, | ) |
| | ) |
| Plaintiff, | ) **Case No.: 5:14-cv-1284** |
| v. | ) |
| | ) **PLAINTIFF'S COMPLAINT** |
| DIVERSIFIED CONSULTANTS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, HUBERT CURRIN ("Plaintiff"), through his attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* ("RFDCPA").

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

1

4. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

7. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as

2

>answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. §1331, 1367, and 15 U.S.C. §1692k.

9. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

10. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

11. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

12. Plaintiff is a natural person residing in the Grand Terrace, San Bernardino County, California.

13. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

14. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

15. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and *Cal. Civ. Code § 1788.2(h)*.

16. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and *Cal. Civ. Code §1788.2(c)*.

17. Defendant is, and at all times mentioned herein, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

3

18. Within the last year, Defendant attempted collect a consumer debt from Plaintiff.

19. Defendant is a collection agency headquartered in Jacksonville, Duval County, Florida.

20. Defendant is a business entity engaged in the collection of debt within the State of California.

21. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

22. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

23. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

24. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

25. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

26. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

27. Defendant is contacting Plaintiff attempting to collect an alleged consumer debt from Plaintiff.

28. The alleged debt owed arises from transactions for personal, family, and household purposes.

29. Defendant calls Plaintiff on Plaintiff's cell phone at 909-600-33xx in an attempt to collect the alleged debt.

30. Defendant calls Plaintiff from 909-334-4514 and 877-411-5551, which are two of Defendant's numbers.

31. Within the last year, Plaintiff answered several of Defendant's phone calls.

4

32. On most occasions, when Plaintiff answers the phone and says "hello", Defendant proceeds to hang up on Plaintiff.

33. When Defendant placed the aforementioned calls to Plaintiff, Defendant did not state that the call was from Diversified Consultants, Inc.

34. Defendant is familiar with the FDCPA.

35. Defendant knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

36. On June 4, 2014, one of Plaintiff's attorneys mailed a cease and desist letter to Defendant at 10550 Deerwood Park Blvd., Suite 309, Jacksonville, FL 32256. *See* letter attached as Exhibit A.

37. Despite having received Plaintiff's cease and desist request letter, Defendant continued to place collection calls to Plaintiff on numerous occasions, including but not limited to multiple calls placed to Plaintiff on June 5, 2014, June 9, 2014, June 10, 2014, and June 11, 2014.

38. Defendant calls Plaintiff at an annoying and harassing rate, sometimes calling Plaintiff up to four (4) times a day.

39. Defendant called Plaintiff using an autodialer system.

40. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

41. Defendant used the LiveVox system to make collection calls to Plaintiff.

42. Each morning, Defendant's employee loads into the LiveVox system approximately three to three-and-one-half million phone numbers.

43. Using the LiveVox system, Defendant calls upwards of ninety percent of those phone numbers on a daily basis.

44. The inputted phone numbers are stored until midnight, when they are wiped from the system.

45. The LiveVox system selects the numbers to be called according to a protocol or strategy entered by Defendant.

46. When a call is answered, the LiveVox dialing system connects the called party with a live representative of Defendant.

47. When Defendant's representative is ready to begin communicating with debtors, the representative logs into the LiveVox system and toggles a button within the application indicating that the representative is ready to receive live callers.

48. Using a pre-programmed algorithm designed to limit the amount of time between calls, LiveVox begins to simultaneously call multiple debtors.

49. Defendant's representative receives an audible "beep" in their headset once the LiveVox system connects with a debtor and transfers the call.

50. The LiveVox dialing system "operates exactly as a predictive dialer would."

51. Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

52. If Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after being instructed by Plaintiff to cease all calls to him.

53. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

54. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

55. Plaintiff is not a customer of Defendant's services, has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose
6

whatsoever.

56. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

57. Despite this, Defendant continued to place repeated collection calls to Plaintiff, on Plaintiff's cellular telephone, using an "automated telephone dialing system."

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

58. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(c)* of the FDCPA by communicating with a consumer after receiving notification, in writing, that the consumer wishes the debt collector to cease further communication when Defendant continued to place repeated collection calls to Plaintiff, despite Defendant having received a cease and desist request and letter;

   b. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to place collection calls to Plaintiff after receiving Plaintiff's cease and desist letter;

   c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff when Defendant placed up to four (4) collection calls to Plaintiff a day;

   d. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant called Plaintiff and failed to state that call was from Diversified Consultants, Inc.;

   e. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading

7

representations or means in connection with the collection of a debt when Defendant called Plaintiff and failed to state that call was from Diversified Consultants, Inc.; and

f. Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt when Defendant called Plaintiff and failed to state that call was from Diversified Consultants, Inc.

WHEREFORE, Plaintiff, HUBERT CURRIN, respectfully requests judgment be entered against Defendant, DIVERSIFIED CONSULTANTS, INC., for the following:

59. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

60. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

61. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

62. Plaintiff repeats and re-alleges paragraphs 1-57 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

63. Defendant violated the RFDCPA based on the following:

a. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

WHEREFORE, Plaintiff, HUBERT CURRIN, respectfully requests judgment be entered against Defendant, DIVERSIFIED CONSULTANTS, INC., for the following:

64. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

8

65. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

66. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

67. Plaintiff repeats and re-alleges paragraphs 1-57 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

68. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

69. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

70. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

71. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, HUBERT CURRIN, respectfully requests judgment be entered against Defendant, DIVERSIFIED CONSULTANTS, INC., for the following:

72. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

73. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff

9

is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

74. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

75. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  June 24, 2014              AGRUSS LAW FIRM, LLC

By: /s/  Michael S. Agruss
    Michael S. Agruss
    Attorney for Plaintiff
    HUBERT CURRIN

# **EXHIBIT A**



22 W. Washington Street
Suite 1500
Chicago, IL 60602

Local: 312-224-4695
Toll-free: 888-572-0176
Fax: 312-253-4451
www.agrusslawfirm.com
danielle@agrusslawfirm.com

---

June 4, 2014

Diversified Consultants, Inc.
10550 Deerwood Park Blvd Ste 309
Jacksonville, FL 32256

Re:   Hubert Currin
      Cell phone: (909) 600-3332

To Whom It May Concern:

Please stop all further communications with Hubert Currin. Additionally, this letter revokes all prior business relationships as defined by the Telephone Consumer Protection Act ("TCPA") by and between any of the original parties involved in the underlying account at issue, as well as any subsequent parties in interest. Any prior consent that may have been given that would allow for calling the telephone number listed above is now expressly revoked. Therefore, any future phone calls to the telephone number above using an automated telephone dialing system and/or an artificial or prerecorded voice would result in violating the TCPA.

Sincerely,

Danielle L. Berns